UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY BROWN, | No. 2:17-cv-1833 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR MEDICAL SYSTEM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. On November 8, 2017, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint which the court again must screen.

As plaintiff already knows, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The claims presented in the amended complaint are vague. Plaintiff identifies Dr. J. Ma as the only defendant, but plaintiff fails to make any allegations against defendant Ma. Instead, plaintiff makes general allegations about alleged "physical and psychological harm" sustained during unlawful imprisonment. There are two main problems with these allegations. First,

1

plaintiff fails to point to any facts suggesting he has ever been unlawfully imprisoned. Second, he fails to point to specific facts identifying the harm he suffered and to whom that harm can be attributed. In some instances, plaintiff directs to court to exhibits expecting the court to glean facts which support plaintiff's claims. However, this is not appropriate under Federal Rule of Civil Procedure 8(a) which requires that pleadings contain a "short and plain statement" of law and facts "showing that the pleader is entitled to relief."

For these reasons, plaintiff's amended complaint will be dismissed. Plaintiff will be given one final opportunity to cure the deficiencies in his claims in a second amended complaint.

Plaintiff is reminded that denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is at least deliberately indifferent to a prisoner's serious medical needs. Id.

Finally, the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
/////
/////
/////
/////
/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 3, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow1833.14(2)